IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| KPMA PARTNERSHIP, LTD | § | CASE NO: 04-35261 |
|    Debtor(s) | § | |
| | § | CHAPTER  11 |

## MEMORANDUM OPINION AND ORDER
## <u>DENYING REQUEST FOR SANCTIONS</u>

On May 24, 2006, Jenkens & Gilchrist, P.C. ("Jenkens"), as a creditor of the Debtor, filed a motion for sanctions against W. Steve Smith, Trustee [doc. no. 355].  For the reasons stated below, Jenkens' motion for sanctions is denied.

### Background

Debtor filed for chapter 11 bankruptcy on April 6, 2004.  Debtor is a limited partnership. It is owned 99% by its general partner, North UNI Property, LLC, and 1% by its limited partner, Arturo Pimienta.  On April 29, 2004, Pimienta filed his personal chapter 11 bankruptcy petition.

Before filing for bankruptcy, Debtor was involved in litigation in San Diego, California. During the course of that litigation, Debtor incurred attorneys' fees owed to Jenkens, who has filed a claim in this case for $309,958.88.

On August 23, 2003, IFS Financial Corp. declared chapter 7 bankruptcy.  W. Steve Smith was appointed Trustee in that case.  Trustee proceeded to file adversary proceedings against the Debtor in this case.  Trustee also filed several proofs of claim against the Debtor.  Specifically, Trustee filed the following proofs of claim against the Debtor:

1. Trustee's proof of claim as of October 20, 2004 -- $10,000,000 +

2. Trustee's amended proof of claim as of June 28, 2004 -- $2,655,480.29

3. Trustee's second amended proof of claim as of July 8, 2005 -- $1,784,547 +

- 1 -

On May 24, 2006, Jenkens filed an objection to Trustee's proof of claim, and a motion for sanctions against Trustee, pursuant to Fed. R. Bankr. P. 9011.  On July 12, 2006, a hearing was held on both the objection to claim and the motion for sanctions.  At the conclusion of the hearing, the Court took the matters under advisement.

## Motion for Sanctions

Jenkens argues that Trustee should be sanctioned for bringing multiple frivolous and harassing proofs of claim against the Debtor.  Jenkens claims that Trustee's proof of claim has intentionally stalled confirmation of the Debtor's plan.  Specifically, Jenkens argues that the amounts claimed by Trustee were the result of transactions between IFS and Pimienta—not the Debtor.  Furthermore, Jenkens argues that Trustee has demonstrated no basis for determining the amount of his claim.  In fact, Jenkens maintains that Trustee, in filing the proofs of claim, has ignored the reports of his own expert.[1]

Bankruptcy Rule 9011 allows the Court to sanction attorneys, law firms or parties who make representations to the Court that are for an improper purpose.  Fed. R. Bankr. P. 9011(c).  Such improper purposes include harassment, unnecessary delay or needless increase in the cost of litigation.  Fed. R. Bankr. P. 9011(b)(1).  Additionally, Bankruptcy Rule 9011 requires that factual and legal contentions within every court filing "have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Bankr. P. 9011(b)(3).

The burden of proof is on the moving party when considering Rule 9011 sanctions.  *In re Weaver*, 307 B.R. 834 (Bankr. S.D. Miss. 2002); *In re Squillante*, 259 B.R. 548 (Bankr. D. Conn.

---

[1] Even if the Court were inclined to sanction Trustee, it probably could not do so because Jenkens has failed to demonstrate two Rule 9011 requirements: (1) a motion for sanctions under Rule 9011 must be made separately from other motions.  Jenkens has inappropriately filed its motion together with an amended objection to a proof of claim; and (2) Rule 9011 states that a motion for sanctions must be served on the proper parties 21 days before it may be filed with the court.  There is no evidence that Jenkens has fulfilled this element of the rule.

2001); *In re Cedar Falls Hotel Props. Ltd. P'ship*, 102 B.R. 1009 (Bankr. N.D. Iowa 1989). "Once a prima facie case has been made, the burden shifts to the party from whom the sanction is sought to show a legitimate purpose for the filing." *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999); *In re King*, 83 B.R. 843, 847 (Bankr. M.D. Ga. 1998).

Jenkens claims that the Trustee has targeted KMPA solely for its ability to pay a judgment—the appropriate case in which to file these claims was Arturo Pimienta's personal case. There is no credible evidence offered by Jenkens to support this allegation. The Trustee appears to have valid claims against the Debtor. This is borne out by the fact that Jenkens first defended against the $850,000 claim by arguing that the sum had been paid. With regards to the $604,000 claim, Jenkens has argued that the sum was loaned by Weltfond and not Amper (the latter being an entity for which Smith is also Trustee). However, Trustee has demonstrated to the Court that he had sufficient reason to believe that the loan was originally made by Amper. Furthermore, the Court has already found that the $850,000 claim as well as the $604,000 claim, were assertable against the Debtor when it allowed them for estimation and voting purposes.

Jenkens argues that, not only were the proofs of claims asserted against the wrong debtor, but the claims also had no basis in fact. Jenkens alleges that the Trustee and his financial expert failed to account for financial information after 2000, failed to update IFS-related records, and failed to consider payment information on the claims at issue. No credible evidence supports these allegations. Indeed, the Court's experience with these cases suggests the opposite. The Trustee has expended a great deal of time and resources attempting to make heads or tails of various documents, payments, and entities related to IFS, including transactions related to Arturo Pimienta and KPMA. At the most fundamental level, Jenkens may simply disagree with the

Trustee on whether to credit certain payments.  Such a difference in position does not warrant sanctions under Rule 9011.

Jenkens makes note of the Trustee's destruction of documents earlier in the IFS bankruptcy.  The Trustee held a massive number of documents related to IFS—somewhere in the realm of 20,000 boxes.  In 2003, the Trustee randomly selected approximately 30 boxes and destroyed the rest.  Trustee properly filed a Notice to Abandon Property that stated his intent to destroy approximately 20,000 boxes.  There were no objections to this abandonment, and on June 16, 2004, Trustee filed a Report of Abandonment with the Court.  Trustee's decision to destroy documents is far from *per se* unreasonable.  Jenkens fails to offer any evidence to support its contention that the destruction of those documents warrants sanctions.  The Court declines to find their destruction *per se* unreasonable in a Rule 9011 evaluation.

Further, the Trustee has previously asserted that he considered the destruction of the documents to be the proper decision in his business judgment—for the documents apparently served no foreseeable purpose other than to cost the estate storage fees.  Still further, the Court fails to see how the destruction of such documents can amount to a Rule 9011 violation absent a showing that the documents were necessary for the accurate prosecution of these cases.  No such showing is made here.

Regarding Trustee's amending of claims, and the varying amounts asserted within, Jenkens argues that Trustee had no foundation in fact for asserting the amounts in his Original Claim and First Amended Claim.  Trustee responds that Debtor's counsel requested he withhold filing or pursuing his claims, and he was continually assured by Debtor's counsel that his claims would be paid via settlement.  Consequently, he did not expend the time and energy early on to precisely determine his claims.  When circumstances changed and Trustee felt that the promises

of Debtor's counsel were hollow, he asserted his claims based on the information he had at hand. Such information included the limited documents in his possession, as well as an estimation of possible known and unknown causes of action. As Trustee acquired additional information he properly revised his claims.

Throughout this case, testimony and other evidence has indicated that the Trustee has carefully attempted to piece together a financial history of confusing, interlinking transactions in which the Trustee alleges fraud, doctoring of documents, sloppy financial records, and other problems that make accurately tracing funds highly difficult. Under such circumstances, the Trustee must be granted some degree of latitude in his efforts to effectively prosecute the Estate's interests. The Trustee has attempted to walk through a maze in these cases; running into some dead ends cannot rise to the level of sanctions under Rule 9011.

Jenkens argues that the Trustee's actions are an attempt to extort money from KPMA by asserting knowingly false claims and driving up the cost of litigation. There is no evidence to support this contention other than a disagreement between the parties as to the accuracy of certain claims. Indeed, there is no evidence that the Trustee has insisted on ignoring the facts, as is alleged, but rather that the Trustee's work has led him to a different conclusion than Jenkens. To the extent that the two parties are on opposite sides of virtually every contested issue, that result is less than surprising.

## Conclusion

Jenkens failed to establish a prima facie case for any element of its sanctions request. Further, to the extent that Jenkens has established a prima facie case, testimony by the Trustee and the evidence before the Court indicates that the Trustee has met his rebuttal burden to establish a legitimate purpose for filing the relevant claims and a reasonable belief that—at the

time of filing the claims—further investigation or discovery would render evidentiary support for the claims.  The claims filed by the Trustee in this case do not constitute Rule 9011 violations.

Signed at Houston, Texas, on October 5, 2006.

MARVIN ISGUR
United States Bankruptcy Judge